

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C. Winborn
District Attorney
Harris County
Civil Courts Building
Houston, Texas

Dear Sir:

Attention: Mr. Robert R. Casey
Opinion No. O-7125
Re: What power has the commis-
sioners' court with reference
to the approval or disapproval
of subdivisions of real proper-
ty situated outside the cor-
porate limits of any city or
town, but within the limits
of the county?

Your letter of recent date requesting an opinion
from this department is in part as follows:

"What power has the Commissioners' Court
with reference to the approval or disapproval
of subdivisions of real property situated out-
side of the corporate limits of any city or
town, but within the limits of its County?

"With reference to this question, I wish
to know whether the Commissioners' Court can
refuse to approve a plat or map of any sub-
division for any reason other than the fact
that such map or plat does not show the con-
nection with the original survey, or sufficient
other data to locate the same in placing the
property in such condition as making it prac-
tical for the purposes of taxation. In other
words, can they refuse to approve a map or plat
of a subdivision for the reason that the roads
set forth in the subdivision are not the proper
width or that the subdivider refuses to give a
drainage easement to the County?"

Hon. A. C. Winborn,   page 2

House Bill No. 472, Acts 1931, 42nd Leg., Regular Session,
p. 371, ch. 217 (Art. 6626, V. A. C. S.) provides:

"AN ACT to amend Article 6626 of the Revised Statutes
of Texas, 1925, so as to provide the prerequisites
for filing and recording maps and plats subdividing
or resubdividing real estate, and declaring an
emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"SECTION 1.   That Article 6626 of the Revised
Statutes of Texas, 1925, be amended so as to hereafter
read as follows:

"'Article 6626.   The following instruments of
writing which shall have been acknowledged or proved
according to law, are authorized to be recorded, viz.:
all deeds, mortgages, conveyances, deeds of trust,
bonds for title, covenants, defeasances or other
instruments of writing concerning any lands or tene-
ments, or goods and chattels, or movable property of
any description; provided, however, that in cases of
subdivision or re-subdivision of real property no map
or plat of any such subdivision or re-subdivision shall
be filed or recorded unless and until the same has been
authorized by the commissioners' court of the county in
which the real estate is situated by order duly entered
in the minutes of said court, except in cases of parti-
tion or other subdivision through a court of record;
provided, that within incorporated cities and towns
the governing body thereof in lieu of the commis-
sioners' court shall perform the duties hereinabove
imposed upon the commissioners' court.'

"Sec. 2.   The fact that many parcels of real
estate in this State have been subdivided without
establishing and showing connection with original
survey or sufficient other data to locate same, and
placing the property in such condition as makes it
impractical for purposes of taxation, and the fact
that such practice will continue unless proper
legislation is enacted, creates an emergency and an

Hon. A. C. Winborn,   page 3

imperative public necessity that the constitutional
rule requiring bills to be read on three several days
in each House be, and the same is hereby, suspended,
and it is so enacted."

The Supreme Court in the case of Trawalter vs. Schaefer,
179 S. W. (2d) 765, in determining the powers conferred upon the
commissioners' court by Art. 6626, supra, said:

"It is well settled as a rule of statutory con-
struction in this State that it is proper to look
to all parts of a legislative Act to ascertain its
proper construction and meaning--that is, to ascer-
tain the legislative intent.  It is the legislative
intent that is the law.  In applying this rule courts
will not look alone to one phrase, clause, or sentence
of an Act, but to the entire Act; and this includes
the caption, the body of the Act, and the emergency
clause.  39 Tex. Jur., p. 227, § 121; Popham v.
Patterson, 121 Tex. 615, 51 S. W. 2d 680; Texarkana
& Ft. S. Ry. Co. v. Houston Gas & Fuel Co., 121 Tex.
594, 51 S. W. 2d 284; Winder v. King, Tex. Com. App.,
1 S. W. 2d 587; Motor Inv. Co. v. City of Hamlin,
Tex. Sup., 179 S. W. 2d 278; Creager v. Hidalgo
County Water Improvement District, Tex. Com. App.,
283 S. W. 151.

"When we come to consider the body of this Act,
we find that it clothes commissioners' courts with
power to determine whether or not maps or plats of
land located outside of cities and towns shall be
filed and recorded.  When we look to the emergency
clause, we find that it states that an emergency
for immediate effect existed because, 'many parcels
of real estate in this State have been subdivided
without establishing and showing connection with
original survey or sufficient other data to locate
same, and placing the property in such condition
as makes it impractical for purposes of taxation,
and the fact that such practices will continue
unless proper legislation is enacted, creates
* * *.'  To our mind the above quoted statement
of the provisions of the emergency clause to this
Act, considered with the provisions of the body of
the Act, shows that the Legislature intended that
maps and plats of land shall receive authority from
commissioners' courts to be recorded, if they estab-
lish and show the connection of such land with the
original survey of which it is a part, and contain
sufficient data to locate the land contained therein,
and, further, place the land shown by the map or plat
in such a condition as makes it practical to tax the
same according thereto.  Of course, this would require

the map or plat to contain sufficient data to enable the taxing authorities to correctly carry the land on the tax rolls and avoid duplicate or double renditions of the same land. So construed, the Act is not subject to the objection that it confers arbitrary or uncontrolled power on commissioners' courts, or fails to furnish such authorities with a sufficient guide to enable them to administer the same." (emphasis ours)

In view of the foregoing authorities, it is our opinion that if the maps or plats submitted to the commissioners' court "establish and show the connection of such land with the original survey of which it is a part, and contain sufficient data to locate the land shown by the map or plat in such a condition as makes it practical to tax the same according thereto", the commissioners' court cannot refuse to authorize the filing and recording of said maps or plats of subdivisions for the sole reason that roads set forth in the subdivision are not the proper width or that the subdivider refuses to give a drainage easement to the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. C. Davis, Jr.
Assistant

By

John Reeves

JR:LJ